(Pleito No. 211.—Fallado el 27 de Junio de 1902.)

## BONÍN contra EL REGISTRADOR DE LA PROPIEDAD.

SOLICITUD de un *Mandamus.*

1.—CONDICIÓN RESOLUTORIA DE UN CONTRATO.—En el caso de cumplirse la condición resolutoria de un contrato de compra-venta por la falta de pago de los plazos estipulados, procede la nueva inscripción de la finca á favor del vendedor, bastando para ello que resulte la rescisión de la misma escritura inscrita.

2.—LEY HIPOTECARIA. La Ley Hipotecaria rige lo mismo para los extranjeros que para los ciudadanos, y sus preceptos tienen que ser aplicados en estricto rigor de derecho, en cuanto no hayan sido derogados por otras leyes posteriores, ó no resulten incompatibles ó en conflicto con las leyes estatutorias de los Estados Unidos.

En la Ciudad de San Juan de Puerto Rico, á veinte y siete de Junio de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Felipe Casalduc y Goicoechea, á nombre de la sociedad G. Bonín y Cª, contra negativa del Registrador de la Propiedad de Ponce á inscribir la propiedad de una finca rústica por cumplimiento de una condición resolutoria.—Resultando : Que por escritura pública otorgada en la Ciudad de Ponce, ante el Notario de la misma Don Rafael León, en veinte y uno de Marzo de mil ochocientos noventa y cinco, Don Gaspar Bonín, como gestor de la sociedad mercantil que giraba en el comercio de aquella plaza, bajo la razón de G. Bonín y Cª, vendió á Don José Soldevilla y Costas una finca rústica

de cincuenta cuerdas de terreno, radicada en el barrio de "Barreal", término municipal de Peñuelas, en precio y cantidad de cuatro mil pesos, que quedaron en poder del comprador para pagarlos á razón de ochocientos pesos, cada día veinte y ocho de Diciembre de los años mil ochocientos noventa y cinco al noventa y nueve, ambos inclusive, bajo la condición expresa de que, vencido cualquier plazo y no pagado, aun cuando se hubiera satisfecho la mayor parte de ellos, quedaría rescindida la venta y sin lugar á devolución alguna por parte de los señores G. Bonín y Cª, quienes recuperarían por ese solo hecho el dominio pleno de dicha finca; sin necesidad de acto ni diligencia alguna, sino la de hacer constar aquella circunstancia en el Registro de la Propiedad del partido.—Resultando : Que en diez y nueve de Mayo último, el Abogado Don Felipe Casalduc y Goicoechea, como mandatario de la mercantil G. Bonín y Cª, presentó en el Registro de la Propiedad de Ponce la escritura de compraventa de que se ha hecho mérito en el anterior Resultando para que se inscribiera de nuevo á favor de dicha sociedad la finca á que se refería la expresada escritura, "en atención á no haber cumplido el comprador en todos sus plazos, la condición del pago á que se contraía la cláusula 2ª del contrato de compra-venta", petición que le fué denegada por el Registrador de la Propiedad por las razones que expresa la nota puesta al pie de la misma escritura, la que copiada á la letra dice así :—"Denegada la inscripción que se solicita, á favor del vendedor de la finca vendida en el precedente documento, y en razón de la cláusula rescisoria que contiene, porque la rescisión no resulta acreditada en forma, ni por el consentimiento del comprador, ni en virtud de declaración judicial; y tomada anotación preventiva por cuatro meses, según dispone la Sección 7ª del Acta sobre apelaciones contra las resoluciones de los Registradores, decretada por la Asamblea Legislativa y aprobada en 1º de Marzo último, al folio 31, vuelto, del tomo 9 del Ayuntamiento de Peñuelas, finca número 297 duplicado, anotación letra A."—

Resultando: Que contra esta nota del Registrador ha interpuesto recurso gubernativo el Abogado Don Felipe Casalduc y Goicoechea, á nombre de G. Bonín y Cª, pidiendo se revoque dicha nota y se ordene al Registrador la inscripción solicitada, alegando al efecto las razones que ha estimado pertinentes á su derecho; habiéndolo verificado también el Registrador de la Propiedad, mediante informe razonado por escrito que ha elevado á este Tribunal Supremo.—Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.— Considerando: Que con arreglo al artículo 16 de la Ley Hipotecaria vigente, el cumplimiento de las condiciones resolutorias ó rescisorias se hará constar en el Registro por una nueva inscripción á favor de quien corresponda.—Considerando : Que lo convenido en la cláusula 2ª de la escritura de que se trata en el presente recurso, es una verdadera condición resolutoria de un contrato de compra-venta, perfectamente válida y eficaz con arreglo al artículo 1,255 del Código Civil, y que cumplida como ha sido dicha condición por la falta de pago de los plazos estipulados, no constando nada en contrario en el Registro de la Propiedad, procede la nueva inscripción de la finca vendida, á favor de la sociedad vendedora, con arreglo al artículo citado de la Ley Hipotecaria y resolución de la Dirección General de Gracia y Justicia del Ministerio de Ultramar, de nueve de Mayo de mil ochocientos ochenta y ocho.—Considerando : Que si bien conforme al artículo 82 de la propia Ley "las inscripciones ó anotaciones preventivas hechas en virtud de escritura pública, no se cancelarán sino por providencia ejecutoria contra la cual no se halle pendiente recurso de casación ó por otra escritura ó documento auténtico en el cual exprese su consentimiento para la cancelación la persona á cuyo favor se hubiese hecho la inscripción ó anotación, ó sus causahabientes ó representantes legítimos", esto no obstante podrán cancelarse sin los requisitos expresados, según se prescribe en el segundo apartado del mismo artículo, "cuando quede extinguido el derecho inscrito por declaración de la ley, ó

resulte así de la misma escritura inscrita"; como sucede en el caso presente, á virtud de lo estipulado expresamente por las partes, de la cláusula 2ª del contrato de compra-venta.— Considerando : Que la Ley Hipotecaria rige lo mismo para los extranjeros que para los ciudadanos de Puerto-Rico, y sus preceptos tienen que ser aplicados en estricto rigor de derecho, en cuanto no hayan sido derogados por otras leyes posteriores, ó no resulten incompatibles ó en conflicto con las leyes estatutorias de los Estados Unidos, únicos casos en que, con arreglo á lo prescrito en la sección 3ª de la Ley Orgánica de doce de Abril de mil novecientos, no podrán ser aplicables las leyes que regían en esta Isla á la publicación de dicha Ley Orgánica, en ninguno de cuyos casos se encuentran los preceptos de la Ley Hipotecaria y del Código Civil, de cuya aplicación se trata en el presente recurso.— Vistas las disposiciones legales citadas.—Se revoca la nota denegatoria puesta por el Registrador de la Propiedad de Ponce al pie de la escritura presentada por el Abogado Don Felipe Casalduc, y se declara que procede inscribirse nuevamente la finca vendida por la expresada escritura, á favor de G. Bonín y Cª; debiendo practicar el Registrador la inscripción solicitada en la forma correspondiente ; y con devolución de la citada escritura, remítase al Registrador de la Propiedad de Ponce copia certificada de la presente resolución, que se publicará además en la *Gaceta Oficial*, para su conocimiento y el de los interesados y á los demás efectos procedentes.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—Antonio F. Castro, *Secretario*.